FILED
 2010 Feb-24  AM 10:56
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JAMES HAROLD MADISON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   2:09-CV-1592-VEH-TMP |
| | ) |
| **STATE OF ALABAMA** | ) |
| **DEPARTMENT** | ) |
| **OF CORRECTION, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on January 25, 2010, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed under 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. The plaintiff filed objections to the report and recommendation on February 3, 2010, in which he restates his contention that defendants exhibited a deliberate indifference to a serious medical need in violation of the Eighth Amendment's protection against cruel and unusual punishment. (Doc. #15).  Specifically, plaintiff argues that defendant Dover's refusal to allow plaintiff to seek outside medical treatment when plaintiff suffered chest pain constituted deliberate indifference because plaintiff "could had *(sic)* been having a heart attack." (Doc. #15, p. 2). Plaintiff further states

that he seeks liability against defendants in both their individual and official capacities. (Doc. #15, p.1). However, the magistrate correctly concludes that the facts of this case fail to establish a constitutional violation because there was no showing of a deliberate indifference to a serious medical need.[1] The plaintiff can assert a valid constitutional claim only if he can show both a serious medical need *and* that the defendant was deliberately indifferent to that need. *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000). No such showing is made. Plaintiff's claims against defendants in both their individual and official capacities are therefore due to be dismissed.

After careful consideration of the record in this case, including the magistrate judge's findings and recommendation and plaintiff's objections thereto, the Court hereby **OVERRULES** the objections, **ADOPTS** the findings of the magistrate judge, and **ACCEPTS** the recommendation of the magistrate judge. Accordingly, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

A Final Judgment will be entered.

---

[1] Plaintiff does not allege that he was in fact having a heart attack at the time of the incident. Plaintiff merely speculates that *had* he been suffering a heart attack and been denied medical treatment, he would have allegedly suffered cruel and unusual punishment. However, the court must consider the facts, not mere speculation. *See Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007)(factual allegations must be of a sufficient quality to raise the plaintiff's claims above the level of mere speculation).

**DONE** this the 24th day of February, 2010.

_/s/ VEHopkins_
**VIRGINIA EMERSON HOPKINS**
United States District Judge